UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| GOYA FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-cv-1515 (CMH/IDD) |
| | ) | |
| <goya.net>; <mygoya.net>; <mygoya.com>; | ) | |
| <goyadance.com>; <goya-dance.com>; | ) | |
| <goyadanceyoga.com>; <goya-dance-yoga. | ) | |
| com>; <goyayogadance.com>; <goya-yoga- | ) | |
| dance.com>; <goyayogabalet.com>; | ) | |
| <goya-yoga-balet.com>; | ) | |
| <goyabaletyoga.com>; <goya-balet-yoga. | ) | |
| com>; <goya.org>; and <goya-dance. | ) | |
| org>, | ) | |
| | ) | |
| Defendant Domain Names. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's ("Goya Foods, Inc." or "Goya") Notice of

Plaintiff's Motion for Default Judgment ("Motion for Default Judgment) against Defendants

<goya.net>; <mygoya.net>; <mygoya.com>; <goyayogadance.com>; <goyayogabalet.com>;

<goyadanceyoga.com>; <goyadance.com>; <goyabaletyoga.com>; <goya-yoga-dance.com>;

<goya-yoga-balet.com>; <goya-dance.com>; <goya-dance-yoga.com>; <goya-balet-yoga.com>;

<goya.org>; and <goya-dance.org> (collectively, the "Defendant Domain Names"). Pl.'s Mot. for

Default J., Dkt. No. 19 ("Default J."). After the Defendant Domain Names failed to file an answer

or response to the Complaint by January 31, 2020, the undersigned Magistrate Judge took this

matter under advisement to issue this Report and Recommendation. Upon consideration of the

Complaint, Plaintiff's Motion for Default Judgment, relevant portions of the underlying record, and

the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED**.

## I.   INTRODUCTION

Plaintiff filed its Complaint on December 3, 2019, against the Defendant Domain Names. Compl. Dkt. No. 1. Plaintiff alleges that Goya GmbH, the non-party Registrant of each Defendant Domain Name, has been using the Defendant Domain Names to misappropriate the Plaintiff's famous "GOYA" trademark and brand. *See* Compl. ¶¶ 1, 27. Plaintiff seeks relief under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125 *et seq*. ("ACPA") and the Trademark Act, 15 U.S.C. §§ 1051 *et seq*. *Id*. ¶¶ 26, 28.   Specifically, Plaintiff requests that the Court declare that each of Plaintiff's GOYA Marks are distinctive and that the GOYA trademark is famous; declare that each Defendant Domain Name is violating Plaintiff's rights in and to its GOYA Marks under 15 U.S.C. § 1114; declare that each Defendant Domain Name is violating Plaintiff's rights in and to its GOYA Marks under 15 U.S.C. §§ 1125(a), (c); declare the Defendant Domain Names conduct as *in rem* cybersquatting in violation of 15 U.S.C. § 1125(d)(2)(A)(i); direct the Registry of each Defendant Domain Name to transfer the Defendant Domain Name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(2)(D)(i); declare this case "exceptional" within the meaning of 15 U.S.C. § 1117; and award further relief as the Court may deem just and proper.  Compl. ¶¶ A-I.

### A.   Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121 because this case involves federal questions arising under the Lanham Act, which is a federal law relating to trademarks. [1] Compl. ¶ 26.

---

[1] The ACPA is Section 43(d) of the Lanham Act.

This Court has *in rem* jurisdiction over the Defendant Domain Names under 15 U.S.C. § 1125(d)(2)(C)(i) because the registrars wherein the Defendant Domain Names are registered, VeriSign, Inc. and the Public Interest Registry, are located within this district in Reston, Virginia. Compl. ¶ 28. Similarly, venue is proper pursuant to 15 U.S.C. § 1125(d)(2)(A).

## B.   Service of Process

Section 43(d)(2) of the Lanham Act "provides that service of process in an *in rem* action may be accomplished by sending notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the post and e-mail addresses provided by the registrant to the registrar, and by publishing notice of the action as the court may direct promptly after filing the action."[2] §§ 1125(d)(2)(A)(ii)(II)(aa)-(bb),(d)(2)(B).

Here, Plaintiff did both. On December 3, 2019, Plaintiff mailed a letter (the "December 3 Letter") to Goya GmbH, which included: (i) notice that the Defendant Doman Names were violating the ACPA; (ii) notice of Plaintiff's intent to proceed *in rem* against the Defendant Domain Names in this lawsuit; and (iii) a copy of the Complaint. *See* Mancini Decl., Ex. 16, Dkt. No. 6-16.  On December 26, 2019, Plaintiff re-sent the December 3 Letter to Goya GmbH by sending it to the email address that Goya GmbH provided to OVH.[3] *See* Mancini Decl., Exs. 1-15, 20, 21. On January 3, 2020, Plaintiff filed their Notice of Plaintiff's Motion for Service by Publication and the Court granted Plaintiff's request that same day. Dkt. Nos. 5, 9.  On January 10, 2020, a copy of the Publication Order was published in *The Washington Times* (the "January 10 Publication").  *See* Decl. of A. John P. Mancini, Esq., Dkt. No. 10.

Therefore, Plaintiff, via the December 3 Letter, and January 10 Publication, provided

---

[2] Section 43(d)(2) under the Lanham Act is also known by its statutory name 15 U.S.C. § 1125(d)(2). Section 43(d)(2) and 15 U.S.C. § 1125(d)(2) will be used interchangeably.
[3] OVH is another registrar for Defendant Domain Names according to the Declaration. *See* Mancini Decl., Exs. 18-19, Dkt. Nos. 6-18, 6-19.

sufficient notice of this action to the Defendant Domain Names.

### C.     Grounds for Default

Plaintiff filed its Complaint on December 3, 2019. Compl., Dkt. No. 1. The Defendant Domain Names had until January 31, 2020, to file an answer or response to the Complaint. *See* Publication Order at ¶ 5, Dkt. No. 9.  On February 10, 2020, Plaintiff filed a request for the Clerk to enter default and on February 12, 2020, the Clerk entered default as to each Defendant Domain Name. Dkt. Nos. 17-18. The undersigned Magistrate Judge then took this matter under advisement to issue this Report and Recommendation.

## II.   FACTUAL FINDINGS

Plaintiff is a Delaware corporation, with a principal place of business at 350 County Road, Jersey City, New Jersey, 07307 United States.  Compl. ¶ 8.  Goya offers more than 2,500 different types of Latin cuisine products to consumers, health-and-wellness related goods and services, and health seminars and expos. *Id*. ¶ 31.  Plaintiff promotes its products on its website, www.goya.com. *Id*. ¶ 29.  In the United States, Plaintiff advertises numerous goods and services under its GOYA Marks on its website, www.goya.com, and advertises numerous goods and services under its GOYA Marks on similar websites internationally.  *Id*. ¶ 33. Plaintiff has registered its GOYA Marks in approximately 150 jurisdictions throughout the world in connection with a vast array of goods and services.  *Id*. ¶ 39.

Non-party Goya GmbH is the Registrant of each Defendant Domain Name.  *Id.* ¶ 27.  Goya GmbH redirects the Defendant Domain Names to websites located at www.goya.net and www.goya.de. *Id*. Plaintiff alleges that Goya GmbH embarked on a scheme to manufacture turnkey brand recognition and consumer goodwill for a new brand by misappropriating a trade name, trademark, and brand by adopting its current trade name – Goya GmbH – on September 5, 2017.

*Id.* ¶¶ 54-55.  Plaintiff alleges that after misappropriating Plaintiff's trade name, Goya GmbH misappropriated Plaintiff's famous GOYA trademark by registering domain names (including, without limitation, the Defendant Domain Names) that: (i) incorporated "goya" in its entirety as a second-level domain, and (ii) used top-level domains such as .com, .net., and .org, that consumers generally associate with companies based in the United States, like the Plaintiff. *Id.* ¶ 57.

After Goya GmbH registered the Defendant Domain Names, Goya GmbH began redirecting those domain names, including all of the Defendant Domain Names, to the websites located at www.goya.net and www.goya.de. *Id.* ¶ 59.  On November 3, 2017, Goya GmbH filed intent-to-use-based trademark applications in the United States, seeking to register the marks GOYA and GOYA YOGA for goods and services such as clothing items, pharmaceuticals and dietary supplements, computer software, travel arrangement, education and entertainment services, services for providing food and drink, and temporary accommodations. *Id.* ¶ 61.  The PTO issued § 2(d) Office Actions, refusing registration of Goya GmbH's applied-for GOYA and GOYA YOGA marks on the ground that goods and services offered under such marks would create a likelihood of confusion with goods and services offered under Plaintiff's GOYA Marks. *Id.* ¶ 62.

## III.  <u>EVALUATION OF PLAINTIFF'S COMPLAINT</u>

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an

absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### A. Count I – Infringement of a Federally Registered Trademark

Plaintiff alleges that the Defendant Domain Names infringe Plaintiff's GOYA Marks in violation of Sections 32 and 43(a). Compl. ¶ 63-81. To establish a trademark infringement claim, a plaintiff must demonstrate that: (1) it owns a valid trademark; (2) the trademark is protectable; and (3) the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers. *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 170 (4th Cir. 2006). Trademark infringement in violation of Section 43(a) occurs when these same elements are satisfied. *Lone Star Steakhouse & Saloon v. Alpha of Va.*, 43 F.3d 922, 930 (4th Cir. 1995).

Regarding the first and second elements, Plaintiff satisfied these elements by pleading

ownership of numerous federal trademark registrations for its GOYA Marks, all of which are in effect, valid, subsisting, and on the Principal Trademark Register. Compl. ¶¶ 40-41.

As for the third element, Plaintiff's allegations satisfy it for a number of reasons.  As an initial matter, a plaintiff enjoys a presumption of a likelihood of confusion when the infringing mark is nearly an exact imitation in an attempt to capitalize on the popularity of the plaintiff's trademark. *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987).  This presumption is applicable to the current case.  Each Defendant Domain Name incorporates Plaintiff's GOYA Mark in its entirety.  Compl. ¶ 57.

In addition, on November 3, 2017, Goya GmbH filed intent-to-use-based trademark applications in the United States, seeking to register the marks GOYA and GOYA YOGA for goods and services.  *Id. ¶* 61.  The United States Patent and Trademark Office issued § 2(d) Office Actions, refusing registration of Goya GmbH's GOYA and GOYA YOGA marks on the ground that goods and services offered under such marks would create a likelihood of confusion with goods and services offered under Plaintiff's GOYA Marks. *Id.* ¶ 62.

Based on the foregoing, Plaintiff pleaded facts sufficient to render it plausible that the Defendant Domain Names infringe its GOYA Marks in violation of Sections 32 and 43(a) of the Lanham Act.  Accordingly, the undersigned recommends that entry of default judgment against the Defendant Domain Names be granted on Count I.

### B.  Count II – Common Law Trademark Infringement; Unfair Competition

Plaintiff alleges unfair competition and common law trademark infringement in violation of Sections 32 and 43(a).  Under the Lanham Act, a plaintiff must satisfy a two-prong test in order to prevail on a claim for unfair competition. *Carefirst of Md., Inc. v. First Care, P.C.,* 350 F. Supp. 2d 714, 720 (E.D. Va. 2004).  A plaintiff must "first and most fundamentally prove that it has a

valid and protectable mark." *U.S. Search, LLC v. U.S. Search.com Inc.,* 300 F.3d 517, 523 (4th Cir. 2002). If the plaintiff's mark is protectable, it must then show that the "defendant's use of an identical or similar mark is likely to cause confusion among consumers." *Id.*

The first element of unfair competition requires proof of a valid and protectable mark. *U.S. Search, LLC*, 300 F.3d at 523. Here, this Court has already determined that the Plaintiff satisfied this element by pleading ownership of numerous federal trademark registrations for its GOYA Marks. As to the second element, this Court has already determined that consumers are likely to mistakenly believe that there is an association or affiliation between the Plaintiff and the Defendant Domain Names. Thus, the undersigned finds that the Plaintiff has satisfied the necessary elements for unfair competition.

Common law marks are entitled to protection under the ACPA but common law trademark rights are acquired only through actual use of the mark in the United States. *Lamparello v. Falwell*, 420 F.3d 309, 311 (4th Cir. 2005) citing *PETA v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). To establish rights for a common law trademark, a plaintiff must show that that mark is "(i) used in commerce, and (ii) is distinctive among United States consumers." *Int'l Bancorp, LLC v. Societe des Bains de Mer*, 329 F.3d 359, 363 (4th Cir. 2003).

This Court has already determined that the Plaintiff has shown that GOYA Marks are used in commerce. As for the second element, that GOYA Marks are distinctive among consumers in the United States, the goods and services offered under Plaintiff's GOYA Marks have been the subject of widespread, unsolicited media coverage and acclaim. Compl. ¶ 35. For example, in 2011, President Barack Obama honored the Plaintiff for its continued success and commitment to the Hispanic community, making Plaintiff the only company honored by the former President. *Id.* As another example, Plaintiff's GOYA Mark appears alongside other famous marks and brands in

a display inside the Smithsonian Museum in Washington, D.C. (e.g., LEVI'S red tab; the COCA-COLA bottle; and the UPS brown truck). *Id.* ¶ 37. Thus, the undersigned finds that Plaintiff has met all the necessary requirements for common law trademark infringement. Because the Plaintiff has satisfied the requirements for unfair competition and common law trademark infringement the undersigned recommends that entry of default judgment against the Defendant Domain Names be granted on Count II.

### C.  Count III –Dilution of a Famous Mark

Finally, Plaintiff alleges dilution of a famous mark in violation of Section 43(c). To show trademark dilution, a plaintiff must show that it "(1) owns a distinctive famous mark, (2) the use by another in commerce of which (3) is likely to cause dilution by blurring or tarnishment, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury." *Volkswagen, AG v. Volkswagentalk.Com*, 584 F. Supp. 2d 879, 882 (E.D. Va. 2008). A mark is considered famous under the Lanham Act "if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). In determining whether a mark or trade name is likely to cause dilution by blurring, the court may consider all relevant factors, including the following: "(i) the degree of similarity between the mark or trade name and the famous mark; (ii) the degree of inherent or acquired distinctiveness of the famous mark; (iii) the extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark; (iv) the degree of recognition of the famous mark; (v) whether the user of the mark or trade name intended to create an association with the famous mark; and (vi) any actual association between the mark or trade name and the famous mark." § 1125(c)(2)(B).

Regarding the first element, this Court has already determined that the Plaintiff owns

9

distinctive and famous marks. Regarding the second and third elements, despite Goya GmbH's lack of association with Plaintiff Goya Foods, Inc., the Defendant Domain Names incorporate the entirety of Plaintiff's famous GOYA Mark. Compl. ¶ 115. The use of Plaintiff's famous GOYA Mark among the Defendant Domain Names dilutes the distinctiveness of the Plaintiff's famous GOYA Mark. *Id*. Because Plaintiff has satisfied the elements for dilution of a famous mark the undersigned recommends that entry of default judgment against the Defendant Domain Names be granted on Count III.

## IV.  <u>RECOMMENDATION</u>

For the reasons stated above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be **GRANTED** as to all counts against the Defendant Domain Names. The undersigned further recommends that an Order be entered directing VeriSign, Inc. and the Public Interest Registry to transfer control of the Defendant Domain Names to Plaintiff, together with any other domain names registered by Goya GmbH that resemble any of Plaintiff's "GOYA" trademarks.

## V.  <u>NOTICE</u>

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the following email addresses associated with Defendants:

06gjvxpq4gs4za69ktpo@n.o-w-o.info

pnaqpkynddevvnb7gb13@j.o-w-o.info

epeuy8708ap7wp9m82xw@d.o-w-o.info

boxpt1b4vg7d3162hpqy@e.o-w-o.info

s4xryff4au3eq4aij7w6@i.o-w-o.info

71o9y1so91hkr9az2egz@k.o-w-o.info

oicwdnjvhvpc7gm90m6k@w.o-w-o.info

t2e5crkijv4knj5pw6k6@s.o-w-o.info

5dq85ej2097hy1xzqkla@j.o-w-o.info

8zgnqf9gc8mir62yvvq8@u.o-w-o.info

c6i0g0sxlqkoqvkd3172@o.o-w-o.info

94t6jbg2duzonybtm1g@l.o-w-o.info

gcjtbays6bd43r4o8owe@s.o-w-o.info

abuse@ovh.net

info@goya.net

/s/ Ivan D. Davis
_____
Ivan D. Davis
United States Magistrate Judge

July 6, 2020
Alexandria, Virginia

11